# Exhibit A

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AFTRA RETIREMENT FUND, in its capacity as fiduciary of the AFTRA Retirement Fund, individually and on behalf of others similarly situated <br> *Plaintiff* <br> v. <br> JPMORGAN CHASE BANK, N.A., <br> *Defendant* | ) ) ) ) ) ) ) ) ) ) |

Civil Action No. No. 09-cv-00686 (SAS) (DF)

(If the action is pending in another district, state where: Southern District of New York )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: New York Mercantile Exchange, Inc.
20 South Wacker Drive, Chicago, IL 60606

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Rider

| Place: Merrill Corporation <br> Suite 1800, 311 South Wacker Drive <br> Chicago IL 60606-620 | Date and Time: <br> 04/21/2010 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic, Audio, Video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 03/31/2010

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* JPMorgan Chase Bank, N.A. (Defendant) , who issues or requests this subpoena, are:
Samuel E. Bonderoff, Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas, New York, New York 10019-6064, 212-373-3222 sbonderoff@paulweiss.com

AO 88A (Rev 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. No. 09-cv-00686 (SAS) (DF)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title if any)*
was received by me on *(date)*                                    .

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required* A person commanded to produce documents, electronically stored information or tangible things or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial

**(B)** *Objections* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served If an objection is made the following rules apply

(i) At any time, on notice to the commanded person the serving party may move the issuing court for an order compelling production or inspection

(ii) These acts may be required only as directed in the order and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required* On timely motion, the issuing court must quash or modify a subpoena that

(i) fails to allow a reasonable time to comply,

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides is employed, or regularly transacts business in person — except that subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held,

(iii) requires disclosure of privileged or other protected matter if no exception or waiver applies, or

(iv) subjects a person to undue burden

**(B)** *When Permitted* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires

(i) disclosing a trade secret or other confidential research development, or commercial information,

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

**(C)** *Specifying Conditions as an Alternative* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship, and

(ii) ensures that the subpoenaed person will be reasonably compensated

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information

**(A)** *Documents* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand

**(B)** *Form for Producing Electronically Stored Information Not Specified* If a subpoena does not specify a form for producing electronically stored information the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms

**(C)** *Electronically Stored Information Produced in Only One Form* The person responding need not produce the same electronically stored information in more than one form

**(D)** *Inaccessible Electronically Stored Information* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost If that showing is made the court may nonetheless order discovery from such sources if the requesting party shows good cause considering the limitations of Rule 26(b)(2)(C) The court may specify conditions for the discovery

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must

(i) expressly make the claim, and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected will enable the parties to assess the claim

**(B)** *Information Produced* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material the person making the claim may notify any party that received the information of the claim and the basis for it After being notified, a party must promptly return sequester or destroy the specified information and any copies it has, must not use or disclose the information until the claim is resolved, must take reasonable steps to retrieve the information if the party disclosed it before being notified, and may promptly present the information to the court under seal for a determination of the claim The person who produced the information must preserve the information until the claim is resolved

**(e) Contempt.** The issuing court may hold in contempt a person who having been served fails without adequate excuse to obey the subpoena A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)

# DEPOSITION SUBPOENA RIDER
# DEFINITIONS AND INSTRUCTIONS

These definitions and instructions shall apply, for the purpose of compliance with this Subpoena, to the following Subpoena Topics.

A.      Definitions

1.      "Communication" means every manner of transmitting or receiving facts, information, thoughts or opinions, whether written, oral or by any other means, including, but not limited to, all memoranda, notices of meetings, conversations by telephone calls, records of conversations or messages, whether in writing or upon any mechanical, electrical or electronic recording device, and oral conversations and statements.

2.      "Concerning" means, without limitation, constituting, showing, describing, evidencing, commenting on, responding to, analyzing, reflecting, relating to or referring to in any way, directly or indirectly, discussing, indicating, stating, mentioning, embodying, pertaining to, setting forth, assessing, recording, comprising, touching upon, summarizing, or having any logical or factual connection whatsoever to the subject matter in question, and includes, among other material, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any material called for by this request.

3.      "Investment Unit" shall mean the business unit(s), division(s), or other corporate group(s) within NYMEX that carried out and oversaw NYMEX's investment in Sec Lending.

4. "NYMEX" means New York Mercantile Exchange, Inc. or any other retirement fund or pension plan for the benefit of employees of New York Mercantile Exchange, Inc. or any of its parents, subsidiaries, affiliates, successors, or assigns, and includes all current and former directors, officers, employees, consultants, agents, representatives, advisors, attorneys and other persons acting on behalf of New York Mercantile Exchange, Inc.

5. "JPMC" means JPMorgan Chase Bank, N.A., and includes any parent, subsidiary, affiliate, successor, assign, and all current and former directors, officers, employees, consultants, agents, representatives, attorneys and other persons acting on behalf of JPMC.

6. "Person" means any natural person or any business, legal or governmental entity or association.

7. "Sec Lending" means JPMC's securities lending business.

8. "Sigma" means Sigma Finance Corporation, Sigma Finance, Inc. or Gordian Knot Ltd., and includes any parent, subsidiary, affiliate, successor, assign, and all current and former directors, officers, employees, consultants, agents, representatives, attorneys and other persons acting on behalf of Sigma.

9. "SIV" means structured investment vehicle, including, but not limited to, such structured investment vehicles as Abacas Series 4, Asscher Finance Ltd., Axon Financial Funding Ltd., Beta Finance Corp., Carrera Capital Finance Ltd., Centauri Corp., Cheyne Finance Plc, Cortland Capital Ltd., Cullinan Finance, Dorada Corp., Eaton Vance Variable Leverage Fund Ltd., Five Finance Corp., Harrier Finance Funding Ltd., Hudson-Thames Capital Ltd.,

Kestrel, K2 Corp., Links Finance Corp., Nightingale Finance Ltd., Orion Finance Corp., Parkland Finance Corp., Premier Asset Collateralized Entity Ltd., Rhinebridge Plc, Sedna Finance Corp., Tango Finance Corp., Vetra Finance Corp., Victoria Finance Ltd., Whistlejacket Capital Ltd., White Pine Corp., and Zela Finance Corp.

B.  Instructions

1. "All" means any, every and all. The term "any" means any, every and all. "Each" shall mean all, every and each.

2. The use of the singular form of any word includes the plural and vice versa.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this subpoena all information that might otherwise be construed to be outside of its scope.

4. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, as necessary to bring within the scope of this subpoena all information which might otherwise be considered to be beyond their scope.

5. NYMEX shall identify on or before April 7, 2010 the person(s) it intends to produce and, if more than one person, the topic areas that they will address.

6. If NYMEX objects to any topic in whole or in part, NYMEX shall set forth specifically in writing the grounds upon which its objection is based, and shall testify fully on that portion of the topic to which it does not object.

## **SUBPOENA TOPICS**

The matters on which examination of the individual person or persons designated by NYMEX is requested are as follows:

1. The name and organizational structure of the Investment Unit.

2. The operations of the Investment Unit, including, but not limited to, the Investment Unit's investment process and/or investment guidelines, the amount of assets under Investment Unit management, the number of Investment Unit employees and beneficiaries, and any policies, procedures and practices with respect to monitoring of the Investment Unit's investments.

3. The decision by NYMEX to participate in Sec Lending.

4. The negotiation of the Securities Lending Agreement between NYMEX and JPMC entered on December 17, 2004 and any related agreements or amendments thereto.

5. NYMEX's management and/or monitoring of its investment in Sec Lending between January 11, 2005 through October 31, 2008.

6. The Investment Unit's communications with other business units in NYMEX concerning the management and/or monitoring of the NYMEX's investment in Sec Lending.

7. The Investment Unit's knowledge of and investments in SIVs, including, but not limited to, Sigma, whether through Sec Lending or any investment vehicle.

8. NYMEX's communications between January 11, 2005 through October 31, 2008 with JPMC, other Sec Lending clients, or any outside investment advisors concerning Sec Lending, SIVs, or Sigma.

9. The Investment Unit's relationship or communication with any outside investment advisor(s) concerning Sec Lending, SIVs, or Sigma.

10. The collection and production of documents by NYMEX, its parents, subsidiaries, or affiliates in response to any subpoenas or discovery requests served in this litigation.

11. The Investment Unit's policies and practices concerning document retention and destruction.